IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LABORERS' COMBINED FUNDS OF WESTERN PENNSYLVANIA, as agent for Philip Ameris and Paul V. Scabilloni, trustees ad litem, Laborers' District Council of Western Pennsylvania Welfare and Pension Funds, Keystone Building Contractor's Association Industry Advancement Fund, and the Laborers' District Council of Western Pennsylvania and its affiliated local unions,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHNSTOWN CONSTRUCTION SERVICES, LLC,<br><br>    Defendant. | Civil Action No.  3:18-cv-23 |

## COMPLAINT

1. Jurisdiction of this action arises under §502 and §515 of the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), 29 U.S.C. §1132 and §1145, §404(b) 29 U.S.C. §1104, §406 29 U.S.C. §1106, §409 29 U.S.C. §1109, and also under §301 of the Labor-Management Relations Act of 1947 ("**LMRA**"), 29 U.S.C. §185, in that Defendant Contractor has failed to pay wage deductions and fringe benefit contributions to Plaintiff in violation of a certain Collective Bargaining Agreement entered into with the Laborers' District Council of Western Pennsylvania and/or its affiliated local unions (hereinafter "**Union**"), an employee organization.

2. Plaintiff Laborers' Combined Funds of Western Pennsylvania (hereinafter "**Funds**"), is a Pennsylvania non-profit corporation which maintains its principal place of

business at 12 Eighth Street, 3rd Floor, Pittsburgh, Pennsylvania 15219.  Philip Ameris is an employee trustee and Chairman of the Boards of Trustees of the Laborers' District Council of Western Pennsylvania Welfare and Pension Funds (hereinafter "**Funds**").  Paul V. Scabilloni is an employer trustee and Secretary of the Boards of Trustees of the Funds.

3. The trustees of the Funds, which are employee fringe benefit plans established and maintained within the meaning of ERISA, have designated Plaintiff Funds as their agent for the collection of contributions to the Funds on behalf of the trustees, participants, and beneficiaries of said Funds.

4. The Laborers' District Council of Western Pennsylvania in its own behalf and on behalf of its local affiliated unions and the Keystone Building Contractor's Association Industry Advancement Fund have designated Plaintiff Funds as their agent for the collection of monies required to be paid by employers to the Laborers' District Council Industry ("**Industry Fund**") and Dues Deduction Funds ("**Dues Fund**").

5. Defendant Johnstown Construction Services, LLC ("**Contractor**") is engaged in the construction business and maintains its principal place of business at 124 Donald Lane, Johnstown, Pennsylvania 15904.

6. Defendant Contractor has entered into a labor agreement ("**Agreement**") with the Laborers' Union pursuant to which such Defendant was obligated to submit certain monthly payments to Plaintiff Funds for pension, welfare, industry and dues for the benefit of employees covered under such Agreement.

7. In violation of such Agreement, Defendant Contractor has failed to make timely payments of principal contributions and wage deductions to Plaintiff from June 2017 through December 2017, which has resulted in an estimated principal deficiency of $25,070.28.  In addition, interest through February 5, 2018 of $956.57 is due and late

charges/liquidated damages of $2,320.90 are due to Plaintiff, for a total deficiency of $28,347.75.  Interest will continue to accrue after February 5, 2018 at the rate of one and one-quarter (1 ¼ %) percent per month and $10.30 per day.

8. Plaintiff Funds also claim any additional amounts which may be shown to be due as a result of any audits performed by Plaintiff Funds or remittance reports submitted by Defendant Contractor to the Plaintiff Funds until the termination of this case.  Plaintiff Funds estimate that each such monthly report will total at least $3,700.00.  If it is determined that employer owes additional principal amounts to the Funds, interest will be assessed on such principal amounts at one and one-quarter (1¼%) percent per month and late charges/liquidated damages at ten (10%) percent times such amounts owed.  In the alternative, Plaintiff reserves the right to assert a claim for such additional amounts due either in this or a separate legal action.

9. Plaintiff has demanded payment of these amounts, but Defendant Contractor has neglected and continues to neglect to pay such amounts.

10. Pursuant to the Agreement and trust agreements of the Funds, Defendant Contractor is also required to pay Plaintiff attorneys' fees of twenty (20%) percent of the total delinquency, but not less than One Thousand Dollars ($1,000.00).  Such fees and expenses total $5,669.55 through February 5, 2018.  Plaintiff also claims attorneys' fees of twenty (20%) percent on any additional amounts shown to be due to Plaintiff until termination of this case.  In the alternative, the amount of such fees may be determined by the Court.

11. Defendant Contractor's failure to pay such delinquencies has caused such trust funds to suffer loss of investment income, to incur additional administrative

LIT:635040-1 000004-010359

expenses, and has resulted in less monies being available to provide pension, medical, and other fringe benefits to covered workers and their families.

12. Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Defendant Contractor is ordered to specifically perform under the federal statutes and labor Agreement and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, Plaintiff demands the following relief against said Defendant Contractor:

(a) A preliminary and/or permanent injunction enjoining Defendant Contractor from violating the terms of such Agreement and directing Defendant Contractor to make immediate payment of all monies past due and timely payments of all monies to become due to Plaintiff pursuant to such Agreement, and enjoining Defendant Contractor from disposing of assets; and

(b) For Defendant Contractor to be required to file complete and accurate remittance reports with Plaintiff covering all aspects of such Defendant's business operations through the present; and

(c) For Defendant Contractor to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by such Defendant Contractor's covered employees through the present to enable Plaintiff to verify the accuracy of the amounts paid and/or due and owing by Defendant to the Plaintiff; and

(d) For a money judgment in favor of Plaintiff and against Defendant Contractor in the sum of $34,017.31, plus such additional amounts shown to be owed to Plaintiff until termination of this case, plus additional interest at the rate of one and one-quarter (1 ¼ %) percent per month; plus late charges/liquidated damages of ten (10%) percent; attorneys' fees of twenty (20%) percent of total amount due; plus costs of suit; and

(e)  For the Court to retain jurisdiction of the case pending compliance with its orders; and

(f)  For such other and further relief as the Court may deem just.

TUCKER ARENSBERG, P.C.

*/s/ Jeffrey J. Leech*
Jeffrey J. Leech, Esquire
PA I.D. No. 19814
jleech@tuckerlaw.com
Neil J. Gregorio, Esquire
PA I.D. No. 90859
ngregorio@tuckerlaw.com
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
Counsel for Plaintiff

- 5 -